1
2
3
4
5
6
7
8         UNITED STATES DISTRICT COURT
9         CENTRAL DISTRICT OF CALIFORNIA
10

11  BRYAN E. KAYE,                       )  Case No. SA CV 13-353-GHK (SP)
                                         )
12              Plaintiff,               )
                                         )
13        v.                             )  **MEMORANDUM OPINION AND**
                                         )  **ORDER DISMISSING ACTION**
14                                       )  **FOR FAILURE TO PROSECUTE**
    JOHN HOLLENBECK, et al.,             )
15                                       )
                Defendants.              )
16                                       )
                                         )
17  _____)

18                          **I.**

19                     **PROCEEDINGS**

20        On February 28, 2013, plaintiff filed a civil rights complaint pursuant to 42

21  U.S.C. § 1983 against defendants John Hollenbeck, Martin Covalt, Diane

22  Hollenbeck, Sandra Hutchens, and Does.  On March 1, 2013, the Court issued its

23  Initial Civil Rights Order and Notice of Time Limit for Serving Complaint in this

24  matter.  The Order advised plaintiff that the summons and complaint must be

25  served on defendants in accordance with Federal Rule of Civil Procedure 4(m) by

26  June 28, 2013, and specifically ordered that a proof of such service must be filed

27  with the Court not later than July 5, 2013.  The Court warned plaintiff that failure

28

                              1

1  to comply with this requirement may result in the dismissal of this case.

2      On July 17, 2013, having not received a proof of service or a request from

3  plaintiff for an order from the Court granting an extension of time to serve

4  defendants, the Court ordered plaintiff, who is pro se, to show cause in writing, not

5  later than August 2, 2013, as to why this action should not be dismissed for failure

6  to prosecute.

7      To this date, the Court has received no communication from plaintiff.  He

8  has filed neither a proof of service, nor a request for extension of time to do so.  In

9  addition, he has filed neither a response to the July 17, 2013 Order to Show Cause,

10 which was due on August 2, 2013, nor a request for extension of time to file a

11 response.

12                                      **II.**

13                                  **DISCUSSION**

14     It is well established that a district court may dismiss a plaintiff's action for

15 failure to prosecute or to comply with court orders.  *See* Fed. R. Civ. P. 41(b); *Link*

16 *v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)

17 (a court's authority to dismiss for lack of prosecution is necessary to prevent undue

18 delays in the disposition of pending cases and to avoid congestion in the calendars

19 of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a

20 district court may dismiss an action for failure to comply with any order of the

21 court).  But dismissal is a severe penalty and should be imposed only after

22 consideration of the relevant factors in favor of and against this extreme remedy.

23 *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

24     In determining whether to dismiss a case for failure to prosecute, a court

25 must weigh five factors: "(1) the public's interest in expeditious resolution of

26 litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

27 defendants; (4) the public policy favoring disposition of cases on their merits[;]

28

1    and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

2    1440 (9th Cir. 1988) (per curiam) (internal quotation marks and citation omitted).

3    In this case, both the first factor (the public's interest in expeditious

4    resolution of litigation) and the second factor (the court's need to manage its

5    docket) strongly favor dismissal.  Plaintiff's noncommunication and

6    noncompliance with the Court's orders have "caused [this] action to come to a

7    complete halt, thereby allowing plaintiff[] to control the pace of the docket rather

8    than the Court." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)

9    (internal quotation marks and citation omitted).  Allowing him to continue to do so

10   would frustrate the public's interest in the expeditious resolution of litigation, as

11   well as the Court's need to manage its own docket. *See id.*

12   A rebuttable presumption of prejudice to defendants arises when a plaintiff

13   unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447,

14   1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted

15   here.  Plaintiff has failed to serve the complaint on the defendants and to respond to

16   the Court's July 17, 2013 Order to Show Cause. *See Yourish*, 191 F.3d at 991-92

17   ("Plaintiff['s] paltry excuse for his default on the judge's order indicates that there

18   was sufficient prejudice to Defendants from the delay . . . .").  Thus, the third factor

19   also weighs in favor of dismissal.

20   It is a plaintiff's responsibility to move a case toward a disposition at a

21   reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan*

22   *Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to comply with the

23   Court's orders issued on March 1, 2013 and July 17, 2013, plaintiff has not

24   discharged this responsibility.  In these circumstances, the public policy favoring

25   resolution of disputes on the merits does not outweigh plaintiff's failure to move

26   this case toward a disposition at a reasonable pace.  Thus, even weighing the fourth

27   factor, the balance still tilts in favor of dismissal.

28

1    The fifth factor, the availability of less drastic sanctions, ordinarily counsels
2  against dismissal.  "Alternative sanctions include: a warning, a formal reprimand,
3  placing the case at the bottom of the calendar, a fine, the imposition of costs or
4  attorney fees, the temporary suspension of the culpable counsel from practice
5  before the court, . . . dismissal of the suit unless new counsel is secured [,]
6   . . . preclusion of claims or defenses, or the imposition of fees and costs upon
7  plaintiff's counsel. . . ."  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th
8  Cir. 1987) (citation and internal quotation omitted).  In the instant case, however,
9  each of these possibilities is either inappropriate for a pro se litigant or has already
10 been employed with no apparent effect.

11    The Court attempted to avoid dismissal by: (1) advising plaintiff in its
12 March 1, 2013 Order that any failure to timely serve the summons and complaint
13 on each defendant or other failure to comply with the Court's orders may be
14 grounds for dismissal of this action for failure to prosecute; (2) after plaintiff failed
15 to timely file proof of service as ordered, giving plaintiff more time to do so in its
16 July 17, 2013 Order to Show Cause, while warning plaintiff that failure to respond
17 to the Order, or further failure to prosecute this action in accordance with the Initial
18 Civil Rights Order and other court orders, may result in dismissal of this action for
19 failure to prosecute; and (3) waiting more than one month after the August 2, 2013
20 deadline in the Order to Show Cause to dismiss the case.  Two of these actions by
21 the Court took place after plaintiff was in noncompliance with the March 1, 2013
22 initial order.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002)
23 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic
24 alternatives prior to a party's noncompliance with court order will not satisfy
25 factor, despite implied holdings of earlier cases).  Plaintiff has neither complied
26 with nor responded to either of the Court's orders.  Nor has plaintiff otherwise
27 communicated with the Court.  The Court notes that the instant action is being

28

dismissed without prejudice, a significantly less drastic sanction than dismissal with prejudice.  Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court finds that dismissal of this action is warranted for failure to prosecute.

## III.

## ORDER

IT IS THEREFORE ORDERED that this action is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.


DATED: _____9/18_____, 2013

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE


Presented by:


_____
                    Sheri Pym
United States Magistrate Judge

5